IN THE UNITED STATES DISTRICT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Brian Williams<br>c/o Piontek Law Office<br>58 East Front Street<br>Danville, PA 17821<br><br>               Plaintiff,<br>v.<br>LVNV Funding, LLC<br>6801 S. Cimarron Road, Ste. 424-J<br>Las Vegas, NV 89113<br><br>and<br><br>Resurgent Capital Services, L.P.<br>55 Beattie Place, Ste. 110<br>Greenville, SC 29601<br><br>               Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

1. This is an action brought by an individual consumer for Defendants(s)'s violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Plaintiff is Brian Williams, an adult individual, resident of Holmes, Pennsylvania with an address of c/o Piontek Law Office, 58 East Front Street, Danville, PA 17821.

3. Defendants are the following:

   a. LVNV Funding LLC (hereinafter "LVNV"), a business entity whose principal place of business address is 6801 S. Cimarron Road, Suite 424-J, Las Vegas, NV 89113,

   b. Resurgent Capital Services, L.P. (hereinafter may read "RCS"), a business entity whose principal place of business address is 55 Beattie Pl., STE 110, Greenville, SC 29601.

4. At all times mentioned in this Complaint LVNV was a "debt collector," as defined by 15 U.S.C. 1692a(6).

5. At all times mentioned in this Complaint Resurgent Capital Services, L.P. was a "debt collector," as defined by 15 U.S.C. 1692a(6).

6. Defendants regularly conduct business in this jurisdiction and avail themselves of the benefits of this jurisdiction.

7. Plaintiff is a key witness and is located in this jurisdiction.

8. Upon information and belief, similarly situated consumers who may be witnesses in this case are locate in this jurisdiction.

9. A substantial portion of the transaction(s), occurrence(s), act(s), or omission(s) took place in this jurisdiction.

10. This Court has jurisdiction under 15 U.S.C. § 1692K(d) and 28 USC 1331-1337 et. seq.

11. Venue is proper before this court as a substantial part of the events giving rise to Plaintiff's claims occurred in this jurisdiction.

**COUNT ONE:  Violation of Fair Debt Collection Practices Act (FDCPA)**
**(15 USC 1692c et. seq.)**
**Unauthorized Disclosure to Third Party Letter Vendor**

**"Hunstein Violation"**

12. The previous Paragraphs of this complaint are incorporated by reference.

13. Plaintiff is a natural person who at all times relevant resided in Pennsylvania.

14. At all times mentioned in this complaint Defendants were attempting to collect a consumer debt from Plaintiff which was primarily for Plaintiff's personal family and household purposes.

15. At all times mentioned in this Complaint, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. At all times mentioned in this Complaint Defendant LVNV Funding, LLC was a debt collector as defined by 15 U.S.C. 1692a of the FDCPA.

17. Defendant LVNV Funding, LLC is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. At all times mentioned in this Complaint LVNV Funding, LLC was attempting to collect a consumer debt from Plaintiff, stemming from Plaintiff's household and family use.

19. The debt was alleged to be in default, or LVNV treated the debt as if it were in default from the time that LVNV acquired it for collection.

20. LVNV Funding, LLC regularly uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. Defendant Resurgent Capital Services, LLC is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

22. At all times mentioned in this Complaint Defendant Resurgent Capital Services, LLC was attempting to collect a consumer debt from Plaintiff, stemming from Plaintiff's household and family use.  In so doing, Resurgent Capital Services, LLC was acting on behalf of Defendant LVNV Funding, LLC who claimed to own the alleged debt.

23. Defendant Resurgent Capital Services, LLC regularly uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

24. Prior to the commencement of this lawsuit, Plaintiff had a consumer credit account with Synchrony Bank.

25. Said account was a consumer account which intended use was for Plaintiff's Personal and household purposes

26. Said account was later determined to be in default by Synchrony Bank.

27. Shortly after Synchrony Bank determined that the account was in default, Synchrony Bank purportedly assigned the account to LVNV Funding, LLC.  LVNV Funding, LLC purportedly became the new owner of the account.

28. Prior to the commencement of this action, Resurgent Capital Services, LLC sent at least 2 letters to Plaintiff's Counsel on behalf of LVNV Funding in connection with the collection of the account which is the subject matter of this case.

29. Upon information and belief, the letters were generated by the letter vendor.

30. The letters bear markings which indicate that the letters were generated and printed by a letter vendor which was not LVNV Funding, LLC.

31. One or more public court filings indicates that Defendant RCS regularly uses a letter vendor for their collection letters to consumers.

32. In order to have the letter vendor send Plaintiff the letters, RCS had to furnish the letter vendor with Plaintiff's name and address, the status of the Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

33. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letters to Plaintiff.

34. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding the debt directly or indirectly to any person through any medium."

35. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

36. The communication(s) to the letter vendor by RCS was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

37. The communication(s) to the letter vendor disclosed the following things about the Plaintiff and the alleged debt:

    a. The balance of the alleged debt.

    b. The alleged delinquency status of the alleged debt.

    c.   The creditor to whom LVNV Funding, LLC alleged the debt was owed.

    d.   The account number for the alleged debt.

    e.   Plaintiff's name.

    f.   Plaintiff's home address.

    g.   That LVNV Funding, LLC and / or RCS was / were a debt collector attempting to collect a debt from Plaintiff.

    h.   An account summary for the alleged debt.

38. Plaintiff did not provide consent to LVNV Funding, LLC or RCS to communicate or share any information about the debt with the third party-letter vendor or any other third-party mail vendor.

39. Upon information and belief neither LVNV Funding, LLC nor RCS printed the letters sent to Plaintiff about the account which is the subject of this case. Instead, the third-party letter vendor printed and sent the letters communication(s) to Plaintiff, using the above information supplied by LVNV Funding, LLC.

40. The Consumer Financial Protection Bureau ("CFPB") is a federal agency tasked with enforcing the FDCPA.

41. Pertinent here, section 1692c(b) of the FDCPA, titled "communication with third parties," provides that – except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the

collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b) (emphasis added).

42. The provision the section 1692c(b) cross-references -section 1692b – governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information." 15 U.S.C. §1692b.

43. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions – some enumerated in section 1692c(b), and others in section 1692b – none of which are applicable here.

44. Despite this prohibition – one designated to protect consumers' privacy – debt collectors, including LVNV Funding, LLC, often send information regarding consumers' alleged debts to third-party letter vendors.

45. The CFPB once conducted a survey. The survey indicated that "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors." See http://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collectionpractices-regulation-f#citation-749-p23396 at n. 749

46. These third-party letter vendors use information provided by debt collectors – such as the consumer's name and address, the name of the creditor to whom the debt is allegedly owed, the name of the original creditor, and the amount of the alleged debt – to fashion, print, and mail debt collection letters to consumers.

47. This unnecessary and illegal practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

48. Upon information and belief, defendants routinely communicates with, and provides protected information regarding consumer debts to, third-party letter vendors, in connection with the collection of a debt, which are not authorized to receive such information, in violation of the FDCPA.

49. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

50. By communicating regarding the debt, including by disclosing, among other things, the existence of the debt, the amount owed, the alleged creditor, and Plaintiff's name and address, with a third-party mail vendor, LVNV violated 15 U.S.C. 1692c(b).  See _Hunstein v. Preferred Collection & Mgmt. Servs., Inc._, --- F.3d ---, 2021 WL 1556069 (11th Cir. Apr. 21, 2021); See also _Alina Khimmat v Weltman, Weinberg and Reis co., LPA_, United States District Court for the East District of Pennsylvania, 21-cv-02944-JDW, February 7, 2022.

51. The harm suffered by Plaintiff is particularized in that illegal communication related to his personal alleged debt.

52. The violation of Plaintiff's right not to have Plaintiff's private information shared with third parties is a concrete injury sufficient to confer standing.

53. To be sure, the harm Plaintiff alleges here – disclosure of private information of a personal, sensitive nature to third-party vendors – is precisely the type of abusive debt collection practice the FDCPA was designed to prevent. See 15 U.S.C. § 1692(a) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**." (emphasis added.)

54. Additionally, by communicating with a third-party in connection with the collection of the debt, LVNV Funding, LLC harmed Plaintiff by invading Plaintiff's privacy.

55. By communicating with a third-party in connection with the collection of the debt, LVNV Funding, LLC harmed Plaintiff by disclosing private facts about Plaintiff and the debt.

56. LVNV Funding, LLC breached its duties under the FDCPA through its failure to keep Plaintiff's personal financial information confidential and therefore intruded upon Plaintiff's privacy interests. See <u>Todd v. Collecto, Inc.</u>, 731 F.3d 734, 738 (7th Cri. 2013)

## LIABILITY

57. All previous paragraphs of this complaint are incorporated by reference.

58. LVNV Funding, LLC is liable for the acts committed by its agents under the doctrine of respondent superior because Defendant(s)' agents were acting within the scope of their employment with LVNV Funding, LLC.

59. In the alternative, LVNV Funding, LLC is liable for the conduct of its agents/employees under the theory of joint and several liability because Defendant and its agents/employees were engaged in a joint venture and were acting jointly and in concert.

60. Plaintiff reserves the right to pierce the corporate veil under the doctrine of under-capitalization.

61. Plaintiff reserves the right to pierce the corporate veil under the doctrine of alter ego.

62. Any mistake made by Defendant(s) would have included a mistake of law.

63. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

64. At all times mentioned in this Complaint Defendant RCS was acting as an agent of Defendant LVNV Funding LLC.  Defendant LVNV Funding, LLC is liable or the acts committed RCS and / or employees under the doctrine of respondeat superior. See Moses  v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

65. At all times mentioned in this Complaint Defendant RCS was acting as an agent of LVNV Funding LLC.  Defendant LVNV Funding, LLC is liable or the acts committed by RCS and / or employees under the doctrine of joint and several liability. See Moses v. Law Office of Harrison Ross Byck, P.C. and CACH, LLC, United Stated District Court for the Middle District of Pennsylvania, 08 cv 1939, Aug. 4, 2009; also see Martsolf, v. JBC Legal Group, P.C., and Outsource Recovery Management, U.S. District Court for the Middle District of Pennsylvania, 04-CV-1346, 2008.

## DAMAGES

66. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

67. Plaintiff demands $1.00 actual damages at least for phone, fax, lost time, etc., or other amount determined by this Honorable Court.

68. Plaintiff demands $1,000 statutory damages under the FDCPA 15 USC 1692k., or other amount determined by this Honorable Court.

## ATTORNEY FEES

69. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

70. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

71. Plaintiff believes and avers that such reasonable attorney fee amount to no less than $2,250.00 at a rate of $500.00 per hour. Services include but not limited to the following.

    a. Consultation with client, review of file                                .5
    b. Drafting, editing, review, filing and services
       of complaint and related documents                                     2
    c. Follow up with Defense and client                                      2
                                                                         _____
                                       Total:  4.5 hours @$500 per hour = $2,250

72. Plaintiff's attorney's fees continue to accrue as the case move forward.

73. The above referenced attorney fees represent current fees as well as estimated reasonable future follow up.

**OTHER RELIEF**

74. The previous paragraphs of this complaint are incorporated by reference and made a part of this Complaint.

75. Plaintiff also seeks an injunction against further unlawful collection activity.

76. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity.

77. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

78. Plaintiff specifically requests/demands a jury trial in this matter.

**WHEREFORE**, Plaintiff demands judgment against defendants in the amount of $3,251.00, actual damages, statutory damages, attorney's fees. Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

/s/ Vicki Piontek                              7/22/2022
Vicki Piontek, Esquire                         Date
Attorney for Plaintiff
58 East Front Street
Danville, PA 17821
215-290-6444
vicki.piontek@gmail.com
Fax: 866-408-6735